# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 15-10722 (KG) |
| | ) | |
| LITTLEFORD DAY, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Re: Docket Nos. 26, 75, 81, 125, 129, 134, 136 |

**ORDER (A) APPROVING AND AUTHORIZING THE IMPLEMENTATION
OF ASSET PURCHASE AGREEMENT WITH B&P LD ACQUISITION, LLC,
(B) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS
TO B&P LD ACQUISITION, LLC, FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES AND INTERESTS, PURSUANT TO THE TERMS OF
ASSET PURCHASE AGREEMENT AND (C) GRANTING RELATED RELIEF**

Upon the *Debtor's Motion for Orders (A)(I) Approving Designation of Stalking Horse and Related Bid Protections in Connection With Sale of Substantially All of the Debtor's Assets; (II) Establishing Bidding Procedures Related to the Sale of Substantially All of the Debtor's Assets; (III) Establishing Procedures Related to The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules and Agreements, and (V) Scheduling a Hearing to Consider the Proposed Sale, and (B)(I) Approving the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* (the "**Motion**") of Littleford Day, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**" or "**Littleford**"); and the Court having entered that certain *Order (I) Approving Designation of Stalking Horse and Related Bid Protections in Connection With the Sale of Substantially All of the Debtor's Assets; (II) Establishing Bidding Procedures Relating to the Sale of Substantially All of the Debtor's Assets; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain*

*Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV)*

*Approving Form and Manner of Notice of All Procedures, Protections, Schedules and*

*Agreements and; (V) Scheduling A Hearing to Consider the Proposed Sale and Granting*

*Related Relief* (the "**Initial Order**"); and the Debtor having received "Qualified Bids" (as

defined in the Initial Order) for the Transferred Assets[1] from the following entities:  Loedige

Littleford Process Technology, LLC, The Armor Group, Inc., CPM Acquisition Corp., and B&P

LD Acquisition, LLC ("**B&P**"); and the Debtor having conducted an auction on June 3, 2015

(the "**Auction**") in accordance with the procedures established by the Initial Order, and at the

conclusion of the Auction, the Debtor having determined that the last competing bid for the

Transferred Assets submitted at the Auction by B&P (the "**B&P Overbid**") was the highest and

best bid for the Transferred Assets; and, accordingly, the Debtor having requested the entry of

this Order approving and authorizing the implementation of a certain "Asset Purchase

Agreement" (a copy of which agreement is annexed hereto as **Exhibit "A"**) (collectively with all

related exhibits and schedules, the "**Purchase Agreement**"), by and among Littleford, as seller,

B&P, as buyer (the "**Buyer**"), and B&P Process Equipment & Systems, LLC, as guarantor;  and

the Court having considered the Motion and the record in these proceedings, and having heard

the statements of counsel in support of the relief requested in the Motion at the hearing held

before this Court on June 8, 2015 (the "**Sale Hearing**"); and the Court having found that notice

of the Motion was appropriate and sufficient under the circumstances; and the Court having been

fully advised and having determined that the legal and factual bases set forth in the Motion and

at the Sale Hearing establish just cause for the relief granted in this Order;

---

[1]   All capitalized terms used herein unless otherwise defined herein shall have the meanings assigned to such terms in the Purchase Agreement.

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

### Jurisdiction

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Notice

2.    The Debtor has complied with all of the procedures, including the giving of notice of the Motion and the Sale Hearing, as set forth in the Initial Order. Such notice constitutes appropriate and adequate notice to all parties and is in compliance with Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). No other or further notice of the Motion, the Sale Hearing or the entry of this Order is necessary.

### Objections; Other Bidders

3.    In response to the Motion and the notice of the Motion, the Debtor has not received any timely filed written objections to the proposed sale of the Transferred Assets to the Buyer (the "**Sale**").

4.    As described above, in response to the Motion, the notice of the Motion and the Initial Order, the Debtor has received a "Qualified Bid" (as defined in the Initial Order) from each of the Qualified Bidders (as defined in the Initial Order). At the conclusion of the Auction, the Debtor determined that the B&P Overbid was the highest and best bid for the Transferred Assets. Accordingly, the Debtor accepted the B&P Overbid at the close of bidding. The Qualified Bid of Armor Group, Inc. ("**Armor**") was the second highest and best bid for the Debtor's assets (the "**Armor Backup Bid**"). Accordingly, the Debtor designated Armor as the

Backup Bidder, as that term is defined in the Bidding Procedures approved by this Court in the Initial Order.

## Justification for Sale

5.      The Debtor has demonstrated good, sufficient and sound business justifications in support of the Sale. Such business justifications include, but are not limited to, the facts that (i) a prompt sale is necessary to maximize both the value of the Transferred Assets and the return to the Debtor's estate; (ii) the Purchase Agreement constitutes the highest and best bid for the Transferred Assets; and (iii) the Purchase Agreement and the Closing will present the best opportunity to realize the highest value of the Transferred Assets.

6.      The transactions contemplated by the Motion, as approved and implemented by this Order, are in compliance with and satisfy all applicable provisions of the United States Bankruptcy Code, 28 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), including, without limitation, sections 363(b), (f) and (m) of the Bankruptcy Code. The terms and conditions of the Sale and the other transactions approved by this Order are fair and reasonable.

7.      The Debtor and its professionals have, under the circumstances, adequately and appropriately marketed the Transferred Assets. The Auction was duly noticed and conducted in the manner to afford a full, fair and reasonable opportunity for any person or entity to qualify as a bidder, participate in the Auction, and to make a higher or better offer to purchase the Transferred Assets.

8.      The B&P Overbid, as approved by this Order, is the highest and best offer for the Transferred Assets. The aggregate purchase price offered by the Buyer constitutes full and adequate consideration and reasonably equivalent value for the Transferred Assets.

9.     The Armor Backup Bid is the second highest and best offer for the Debtor's assets and is therefore the Backup Bidder.

10.     The sale of the Transferred Assets to the Buyer for the consideration set forth in the Purchase Agreement is in the best interests of the Debtor, its estate and creditors.

## Good Faith

11.     The sale process conducted pursuant to the Initial Order was non-collusive, fair and reasonable and was conducted openly and in good faith.  The transfer of the Transferred Assets to the Buyer represents an arm's-length transaction and has been negotiated in good faith between the parties.  The Buyer, as transferee of the Transferred Assets, is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protection of section 363(m) of the Bankruptcy Code.  Neither the Debtor nor the Buyer has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Section 363(n) of the Bankruptcy Code.

## Sale Free and Clear of Liens, Claims, Encumbrances and Interests

12.     The Debtor is authorized to sell the Transferred Assets to the Buyer free and clear of all Encumbrances (as defined in paragraph (d) herein-below) under section 363(f) of the Bankruptcy Code.  The Buyer would not consummate the sale transaction were the Sale not free and clear of all Encumbrances, except for the Permitted Encumbrances.

## Corporate Authority; Consents and Approvals

13.     The Debtor has full corporate power and authority to execute the Purchase Agreement, any related agreements and all other documents contemplated by and consistent with the Purchase Agreement or such other related agreements, and the Sale of the Transferred Assets by the Debtor has been duly and validly authorized by all necessary corporate power and

authority necessary to consummate the transactions contemplated by the Purchase Agreement. No consents or approvals, other than this Order and those expressly provided for in the Purchase Agreement, are required for the Debtor to consummate such transactions.

BASED UPON THE FOREGOING, IT IS HEREBY ORDERED that

(a)     The Motion is approved.

(b)     The Purchase Agreement, a copy of which is annexed to this Order as **Exhibit "A"**, and the terms and conditions contained in the Purchase Agreement are approved in their entirety. The Debtor is authorized and directed at the Closing to execute, deliver, implement and fully perform the Purchase Agreement, together with all additional instruments and documents consistent therewith, which may be reasonably necessary, convenient or desirable in implementing the Purchase Agreement, and to take all other actions and expend such funds as may be necessary or appropriate in performing the obligations as contemplated by the Purchase Agreement.

(c)     Subject to the fulfillment of the terms and conditions of the Purchase Agreement, at the Closing, Littleford is authorized to sell, transfer, assign and convey to the Buyer all of Littleford's rights, title and interest in and to the Transferred Assets. Littleford is authorized and empowered at the Closing to deliver bills of sale, assignments and other such documentation that may be necessary or reasonably requested by the Buyer to evidence the transfers required in the Purchase Agreement and this Order.

(d)     This Order is and will be effective as a determination that, upon the Closing, all Encumbrances (as defined below) in, on or upon the Transferred Assets being conveyed to the Buyer at the Closing are adjudged and declared to be unconditionally released, discharged and terminated, with all such Encumbrances attaching to the proceeds of the sale of

the Transferred Assets with the same force, validity, effect, priority and enforceability, *inter se,* as they had against the Transferred Assets as of the date of the closing of the Sale. Specifically, the first priority security interest and liens granted to Loedige Littleford Process Technology, LLC. ("Lender") pursuant to the Final Order (A) Authorizing Debtor to Obtain Post-Petition Financing and Granting Security Interest and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105 and 364(c); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; and (C) Authorizing Debtor to Enter into Financing Agreements entered on May 1, 2015 (the "Final DIP Order") and the Order (A) Authorizing Debtor to Obtain Post-Petition Financing and Granting Security Interest and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105 and 364(c); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtor to Enter into Financing Agreements; and (D) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (the "Interim DIP Order") entered on April 8, 2015, shall attach to the proceeds of sale of the Transferred Assets with the same force, validity, effect, priority and enforceability as they had against the Transferred Assets on the date of the closing of the Sale pursuant to the Final DIP Order and the Interim DIP Order. The transfer of the Transferred Assets to the Buyer as of the Closing will be free and clear of any and all liens, claims, encumbrances, charges and interests of whatever kind, nature or description, including, without limitation, any lien, security interest, pledge, hypothecation, encumbrance or other charge, interest or claim (including, but not limited to, any "claim" as defined in § 101(5) of the Bankruptcy Code) (all the foregoing collectively being referred to in this order as "**Claims**") in, against or with respect to any of the Transferred Assets, whether arising by agreement, statute or otherwise and whether arising prior to, on or after the Filing Date (all such interests described in this paragraph (d) are collectively referred to as

"**Encumbrances**"), except for Permitted Encumbrances.  Except as otherwise provided in this Order, any issues regarding the extent, validity, perfection, priority and enforceability of Encumbrances with respect to such proceeds will be determined by the Court, if, as and when appropriate, upon proper application at a later date.

(e)    At closing of the Sale of the Transferred Assets, Debtor is authorized and directed to pay from sale proceeds all principal, interest, fees and other amounts due to Lender pursuant to the Debtor-in-Possession Loan Agreement and related documents, by and between the Debtor and the Lender, the Final DIP Order and the Interim DIP Order.

(f)    At closing of the Sale of the Transferred Assets, the Debtor is authorized and directed to pay to the Lender from sale proceeds the break-up fee in the amount of Seventy-Five Thousand Dollars ($75,000) approved by the Court in the Order (I) Approving Designation of Stalking Horse and Related Bid Protections in Connection with the Sale of Substantially All of the Debtor's Assets: (II) Establishing Bidding Procedures Relating to the Sale of Substantially All of the Debtor's Assets; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and Manner of Nature of All Procedures, Protections, Schedules and Agreements and (V) Scheduling a Hearing to Consider the Proposed Sale and Granting Related Relief entered on April 20, 2015.

(g)    Except as otherwise expressly provided in the Purchase Agreement with respect to Permitted Encumbrances and Assumed Liabilities, all persons and entities holding Claims in or against the Debtor or the Transferred Assets are hereby forever barred, estopped and permanently enjoined from in any way asserting such Claims against the Buyer, its successors or assigns, its property, or the Transferred Assets.

(h)     Neither the purchase of the Transferred Assets by the Buyer, nor the subsequent operation by the Buyer of any business previously operated by the Debtor, will cause the Buyer or any other party to (1) be a legal successor, or be deemed a successor in any respect to the Debtor, (2) have, *de facto* or otherwise, merged with or into the Debtor, or (3) be an alter ego or a mere continuation or substantial continuation of the Debtor or its business, including, without limitation, within the meaning of any revenue, pension, ERISA, tax, labor or environmental law, rule or regulation or under any products liability law or doctrine with respect to the Debtor's liabilities under such law, rule, regulation or doctrine.   The Buyer shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Transferred Assets other than those assumed or agreed to pursuant to this Sale Order or the Purchase Agreement.

(i)     All of Littleford's rights, title and/or interests in the Transferred Assets are, as of the Closing, transferred to and vested in the Buyer.   Subject to the fulfillment of the terms and conditions of the Purchase Agreement, as of the Closing, this Order will be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Transferred Assets or a bill of sale transferring good and marketable title in the Transferred Assets to the Buyer.   This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department or office, and can be accepted for recordation on or after the Closing as conclusive evidence of the free and clear, unencumbered transfer of title to the Transferred Assets conveyed by the Debtor to the Buyer at the Closing.

(j)     This Court has exclusive jurisdiction to implement and enforce the terms and provisions of the Purchase Agreement and this Order, including any disputes relating thereto or

9

with respect to the Sale, the proceeds of sale, the transfer or assignment and delivery of the Transferred Assets to the Buyer, and the Buyer's peaceful use and enjoyment thereof after the Closing, free and clear of any Encumbrances, regardless of whether a plan of reorganization has been confirmed in this chapter 11 case and irrespective of the provisions of any such plan or order confirming such plan; and the Court retains jurisdiction over the parties to the Purchase Agreement with respect to any controversies which may arise thereunder.

(k)    The terms and provisions of this Order are binding in all respects upon the Debtor, its creditors, the Buyer, any parties having received notice of these proceedings, any affected third parties and other parties-in-interest, any persons asserting any Encumbrances against or an interest in the Debtor's estate or to any of the Transferred Assets sold, conveyed and assigned under this Order, and all of the aforementioned parties' successors or assigns, including, without limitation, any chapter 11 or chapter 7 trustee (or like appointee) subsequently appointed for the Debtor under the Bankruptcy Code.

(l)    On the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all actions as may be necessary to release its Encumbrances on the Transferred Assets, if any, as such Encumbrances may have been recorded or may otherwise exist.

(m)    If any person or entity that has filed financing statements or other documents or agreements evidencing Encumbrances in the Transferred Assets has not delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Encumbrances that such person or entity has or asserts with respect to the Transferred Assets, the Debtor is authorized to

10

execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Transferred Assets.

(n)    The failure specifically to include any particular provisions of the Purchase Agreement or the related agreements in this Order shall not be deemed to diminish the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement and related agreements are authorized and approved in their entirety.

(o)    This is a final order and enforceable upon its entry. To the extent necessary under Rules 5003, 9014, 9021 and 9022 of the Bankruptcy Rules, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth in this Order. Any stay provided in Rule 6004(h) of the Bankruptcy Rules is hereby expressly waived and shall not apply.

(p)    Under section 363(m) of the Bankruptcy Code, the reversal or modification of this Order on appeal will not affect the validity of the transfer of the Transferred Assets to the Buyer, as well as the transactions contemplated or authorized by this

(q)    Order, unless this Order is stayed pending appeal prior to the Closing of the transactions authorized by the Order.

(r)    The consideration provided by the Buyer for the Transferred Assets is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

(s)    Section 1.6(b) of the Purchase Agreement is hereby amended to increase the Deposit to Four Hundred and Twenty Eight Thousand Dollars ($428,000), as required by the Bidding Procedures approved by the Initial Order.

(t)     The Purchase Agreement is hereby amended to make the condition set forth in Section 6.1(f)(v) (relating to the change of the Debtor's name) a post-closing obligation of the Debtor to be delivered within thirty (30) days of the Sale closing.

Dated: Wilmington, Delaware
      June ☖ 2015

THE HONORABLE KEVIN GROSS,
UNITED STATES BANKRUPTCY COURT JUDGE